United States District Court
for the
Southern District of Florida

| Joao Carlos Rocha, Plaintiff, | ) | |
|---|---|---|
| | ) | |
| v. | ) | Civil Action No. 18-21887-Civ-Scola |
| | ) | |
| Inzirillo's Company and Elio D. Inzirillo, Defendants. | ) ) | |

**Omnibus Order on Motions to Dismiss**

This matter is before the Court upon identical motions to dismiss filed by the Defendants Inzirillo's Company (ECF No. 5) and Elio D. Inzirillo (ECF No. 9). After careful consideration of the motions, all opposing and supporting submissions, and the applicable case law, the Court **denies** the motions (**ECF Nos. 5, 9**).

The Defendants argue that Count 3 of the complaint, asserting a claim for retaliation under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), should be dismissed because the Plaintiff fails to adequately allege such a claim.

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all of the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Under Federal Rule of Civil Procedure 8, a pleading need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must therefore articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The FLSA protects persons against retaliation for asserting their rights under the statute. *See* 29 U.S.C. § 215(a)(3). "A prima facie case of FLSA retaliation requires a demonstration by the plaintiff of the following: (1) []he engaged in activity protected under the act; (2) []he subsequently suffered adverse action by the employer; and (3) a causal connection existed between the employee's activity and the adverse action." *Wolf v. Coca-Cola Co.*, 200 F.3d 1337, 1342-43 (11th Cir. 2000) (quoting *Richmond v. ONEOK, Inc.,* 120 F.3d 205, 208-09 (10th Cir.1997) (internal alterations and quotations omitted)). "Unlike the complex antitrust scheme at issue in *Twombly* . . . , the requirements of a FLSA violation are quite straightforward." *U.S. Sec'y of Labor v. Labbe,* 319 F. App'x 761, 763 (11th Cir. 2008). Extensive pleading is not required in the context of a

FLSA claim and such claims require compliance with Rule 8 only. *Burton v. Hillsborough Cty., Fla.*, 181 F. App'x 829, 840 (11th Cir. 2006); *Ceant v. Aventura Limousine & Transp. Serv., Inc.*, 874 F. Supp. 2d 1373, 1377 (S.D. Fla. 2012) (Scola, J.).

The Defendants argue that the Plaintiff has not pled facts to establish any of the elements of a FLSA retaliation claim. The Plaintiff alleges that he was employed by the Defendants and they failed to pay him overtime wages. (Compl., ECF No. 1-2 at ¶¶ 9, 11.) Thereafter, the Plaintiff complained to the individual Defendant about the unpaid wages, to which the Defendant responded that he did not have money and would pay the Plaintiff later. (*Id.* at ¶ 16.) As a result, the Plaintiff alleges that he was constructively discharged. While not pled in detail, upon review, the allegations in the complaint (ECF No. 1-2) are sufficient. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556 (citation omitted).

Accordingly, the Defendants' motions to dismiss (**ECF Nos. 5, 9**) are **denied**.

**Done and ordered** at Miami, Florida, on July 9, 2018.

Robert N. Scola, Jr.
United States District Judge